IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WALTER E. BENNETT, JR.,⁣ )
)                    8:03cv517
Plaintiff,⁣ )
)          MEMORANDUM AND ORDER
v.⁣ )
)
UNITED STATES OF AMERICA,⁣ )
)
Defendant.⁣ )

This matter is before the court on filing nos. 28 and 29, the parties' Responses to the court's Memorandum and Order of March 8, 2005 (filing no. 27). The plaintiff, Walter E. Bennett, Jr., filed this action on December 15, 2003 to recover damages for the losses and emotional distress he suffered as a result of collection activity by the IRS in connection with the plaintiff's 1990-1993 federal income taxes. See 26 U.S.C. § 7432 (failure to release tax liens) and 26 U.S.C. § 7433 (wrongful collection activity). The defendant, the United States of America on behalf of the Internal Revenue Service ("IRS"), filed a counterclaim for the plaintiff's unpaid 1994 taxes, plus accrued interest and penalties.

On cross-motions for summary judgment, the court determined that the applicable statutes of limitations bar the plaintiff's claims and that the plaintiff is not entitled to equitable tolling to suspend the limitations periods. Therefore, in filing no. 27, the court denied the plaintiff's claims, leaving unresolved only the defendant's motion for summary judgment on its counterclaim.

As the court noted in filing no. 27, the plaintiff (filing no. 24 at 4) "admits he owes for tax year 1994" but states that he filed a tax return for 1994 during 2004. He "does not object to any offset by the IRS in the pursuit of their collection of these taxes." (Id.)

However, the court could not determine from the record whether the plaintiff disputes the amount claimed by the IRS in the counterclaim or has other objections.  Accordingly, the court ordered the parties to show cause, as follows:

> Therefore, the plaintiff shall have until April 1, 2005 in which to file a Response to Order to Show Cause explaining any reason he may have why summary judgment should not be entered on the defendant's counterclaim. If the plaintiff chooses to present a showing of cause, he shall specify, in detail, with supporting materials, the specific area(s) of dispute and the basis for his opposing point of view.  The part of filing no. 19 which is the defendant's "Cross-Motion for Summary Judgment" will be taken under advisement. If the plaintiff files a Response to Order to Show Cause disputing any aspect of the counterclaim, the defendant shall respond by April 20, 2005.  In the absence of a timely and sufficient Response to Order to Show Cause by the plaintiff, summary judgment may be entered on the defendant's counterclaim and Cross-Motion for Summary Judgment without further notice.

(Filing no. 27 at 5.)  Each party has now filed a Response.

In his Response to Order to Show Cause, the plaintiff attaches his substitute 1994 tax return prepared in 2004.  He does not object to the amount of interest or penalties claimed by the IRS, but he disputes the amount of the principal tax owed for that year.  The plaintiff calculates the principal owed as $5,706.  However, he concedes in filing no. 28 that he "no longer possess[es] documentation from eleven years ago."  He has estimated "what business expenses were at that time," and he believes the claimed "deductions are reasonable."  (Filing no. 28 at 1.)

Ironically, the IRS counters that the plaintiff has overstated his tax liability.  While the plaintiff asserts a principal tax liability of $5,706, the IRS calculates the tax liability for 1994, before interest and penalties, as $5,252 (filing no. 29 at 1).[1]  In filing no. 29, the IRS

---

[1]The liabilities stated in filing no. 29 differ slightly from those asserted in filing no. 9, as does the "grand total."  The court accepts the figures stated in filing no. 29.

claims the following amounts: $5,252 (tax), plus $7,024.94 (interest) and $1,313 (penalties). Judgment will be entered on the defendant's counterclaim for those amounts.

THEREFORE, IT IS ORDERED:

1.    That the part of filing no. 19 which is the United States' "Cross-Motion for Summary Judgment" on its counterclaim is granted to the following extent and is otherwise denied:

> On the plaintiff's liability for 1994 income taxes, the defendant shall recover from the plaintiff the sum of $5,252 in income taxes, plus $7,024.94 in interest, and $1,313 in penalties, accrued to the date of the counterclaim, as well as interest and statutory additions accruing thereafter to the extent provided by law;

2.    That the plaintiff shall take nothing on his complaint (see filing no. 27); and

3.    That a separate judgment will be entered accordingly.

DATED this 20th day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge