IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER E. BENNETT, JR., ) | |
| ) | |
| Plaintiff, ) | 8:03cv517 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | (appeal) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant and ) | |
| Counter-claimant. ) | |

This matter is before the court on: (1) filing no. 32, the Motion for Leave to Proceed In Forma Pauperis ("IFP") filed on June 17, 2005, by the plaintiff, Walter E. Bennett, Jr.; (2) filing no. 33, the plaintiff's Notice of Appeal ("NOA") filed on August 24, 2005; and (3) filing no. 34, a Memorandum in which the Clerk of Court advises that the plaintiff's Notice of Appeal appears to be untimely. The plaintiff appeals the Judgment entered in this case on April 20, 2005 (filing no. 31).

As a preliminary matter, filing no. 32, the plaintiff's Motion for Leave to Proceed IFP, is granted. The plaintiff previously received leave to proceed IFP in the district court, and his appeal is in good faith. Therefore, the plaintiff's in forma pauperis status is continued on appeal pursuant to Fed. R. App. P. 24(a)(3).[1]

---

[1] Fed. R. App. P. 24(a)(3) states: "(a) Leave to Proceed in Forma Pauperis .... (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding."

**Late Notice of Appeal**

Fed. R. App. P. 4(a)(1)(B) and (4)(a)(4), read together, provide that in a civil case to which the United States is a party, a notice of appeal shall be filed within 60 days after the later of entry of the judgment or entry of the district court's order disposing of certain post-trial motions. In his Notice of Appeal filed 126 days after entry of the judgment, i.e., on August 24, 2005 (filing no. 33), the plaintiff stated that he had previously filed a Notice of Appeal on June 17, 2005, together with his Motion for Leave to Proceed IFP. In a telephone call with a member of the Clerk of Court's staff on August 23, 2005, the plaintiff stated that he had visited the Omaha, Nebraska Clerk's office on June 17, 2005, and at that time, he delivered both documents for filing, i.e., the NOA and the IFP motion, over the counter. In filing no. 33, the plaintiff adds that on June 17, 2005, he also submitted for filing "Form 'A,'" a copy of which is attached to filing no. 33. The plaintiff has also attached a copy of the June 17, 2005 NOA to filing no. 33.

As reflected in filing no. 34, the Clerk of Court directed her staff to conduct a diligent search to determine whether the Clerk's office received the plaintiff's June 17, 2005, Notice of Appeal. The Clerk "attests that standard procedures were followed in searching for the NOA allegedly filed on June 17, 2005." (Filing no. 34.) Upon inquiry, the Clerk has explained that those procedures include the following: (1) A paper file is maintained for all cases, including this one, in which a plaintiff is proceeding pro se. The Clerk's staff searched the paper file as well as the electronic file for the missing NOA. (2) Even though the court scans and files documents onto the court's CM/ECF electronic filing system, all documents and papers received by mail and hand delivery are retained in boxes for various purposes, such as for appeals or ultimately for the federal records center, and the

boxes are marked by dates.  The Clerk's staff hand-searched the box(es) for all papers and documents received during the month of June 2005, to be certain that the missing NOA had not been attached to any other document or misfiled in another case.  (3) The Clerk inquired of her staff whether anyone remembered speaking to Mr. Bennett, and she directed all applicable personnel to search their work areas.  After following those procedures and finding no record of the missing NOA, the Clerk of Court concluded that no evidence existed that the Clerk's office had in fact received the plaintiff's Notice of Appeal in June of 2005.

The court notes, in addition, that the plaintiff has not produced a filed-stamped copy of the June 17, 2005, Notice of Appeal.  Generally, when filing a document at the counter of the Clerk's office, it is wise to request a filed-stamped copy of the document for the filer's records.  Based on the Clerk's extensive search and the absence of any record of the missing document, the court concludes that, while the plaintiff may have intended to file a Notice of Appeal on June 17, 2005, the Clerk of Court did not actually receive a Notice of Appeal from the plaintiff until August 24, 2005.

The time limits in Fed. R. App. P. 4 for filing a notice of appeal in the district court are mandatory and jurisdictional, so that failure to file a timely notice of appeal deprives an appellate court of jurisdiction to consider the merits of the appeal.  See, e.g., Arnold v. Wood, 238 F.3d 992, 994-95 (8th Cir.), cert. denied, 238 F.3d 992 (2001); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462-64 (8th Cir.), cert. denied, 531 U.S. 929 (2000).

Fed. R. App. P. 4(a)(5) permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after

expiration of the appeal deadline, and (2) the appellant shows excusable neglect or good cause for the delayed filing of the appeal. In this case, there has been no motion for an extension,[2] and the time has expired for relief under Fed. R. App. P. 4(a)(5).

Fed. R. App. P. 4(a)(6) permits a district court to reopen the time for filing a notice of appeal when the court finds that:

> (1) the Rule 4(a)(6) motion is filed within the **earlier** of either (a) 180 days after entry of the judgment to be appealed, or (b) within seven days after the moving party receives notice of the entry of judgment;
>
> (2) the party seeking to appeal was entitled to notice of the entry of judgment;
>
> (3) the party did not receive notice from the district court or from any other party within 21 days after entry of judgment; and
>
> (4) no party would be prejudiced by reopening the time to file an appeal.

See Fed. R. App. P. 4(a)(6)(A)-(C). In this case, however, there has been no motion to reopen the time to file an appeal and no evidence of any kind suggesting a delay in the

---

[2]Fed. R. App. P. 26(b)(1) divests this court of any authority to extend the appeal period sua sponte. In addition, the court may not sua sponte treat the plaintiff's late notice of appeal as a request for an extension under Fed. R. App. P. 4(a)(5). See, e.g., Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 n. 4 (8th Cir.), cert. denied, 531 U.S. 929 (2000):

> The practice of accepting an untimely notice of appeal for filing without a motion and a showing of excusable neglect was rendered invalid in 1979 when Federal Rule of Appellate Procedure 4 was amended to require a motion. See Campbell v. White, 721 F.2d 644, 645-46 (8th Cir. 1983) ("We think it clear that the 1979 amendment requires the filing of a motion and that the notice of appeal received after the date for filing notices may not be considered a motion for extension.").

Accord Jenkins v. Burtzloff, 69 F.3d 460, 463 (10th Cir. 1995) (even as to pro se parties, the filing of a notice of appeal cannot be treated as the equivalent of the filing of a motion for extension of time to appeal where a request for additional time is not manifest).

4

plaintiff's receipt of the judgment. Thus, relief under Fed. R. App. P. 4(a)(6) is unavailable to the plaintiff.

THEREFORE, IT IS ORDERED:

1. That filing no. 32, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted;

2. That the plaintiff's Notice of Appeal is untimely, and no basis for granting any extension of time remains;

3. That the Clerk of Court shall forward a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals, and the Clerk shall process the appeal to the Eighth Circuit for dismissal or other disposition by that court.

DATED this 27th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge